## Conley v. Bolen, et al.

(Decided November 17, 1916.)

### Appeal from Knott Circuit Court.

Ejectment—Burden of Proof.—In an action of ejectment, where the plaintiff avers ownership and right of possession, and the defendants traverse this averment, the burden of proof is upon the plaintiff, and he failing to offer any evidence, which tends to prove his title to the land, the court should direct a verdict against him.

H. T. BAILEY for appellant.

SMITH & COMBS for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, Joseph Conley, instituted this action in the Knott circuit court, by which he seeks to recover of the appellees, J. M. Bolen and Tevis Bolen, the possession of a tract of land. By his petition, he alleged that he was the owner and entitled to the possession of the land, but that appellees were wrongfully in the possession of the land and had wrongfully kept him out of the possession for two years before the bringing of the suit, and sought the recovery of damages for its detention, as well as the recovery of the land itself.

The appellees, by their answer, denied appellant's ownership and right of possession to the land, and affirmatively alleged that they were the owners of it; that they purchased it from one Leck Conley, who conveyed it to them; that before the time of their purchase of the land, that the appellant represented to them, that it was the property of Leck Conley, and while they were negotiating the purchase, that the appellant came upon the lands and pointed out the boundary, as the lands of Leck Conley, and showed them the boundary lines of it; that they, in making the purchase and paying for it, relied upon the representations of the appellant, that it was the property of Leck Conley. They, also, alleged that they, and those under whom they claimed, had been in the adverse possession of the lands for more than fifteen years, before the bringing of the suit, holding and claiming it as their own. They plead the representations of appellant, as to the ownership of the land, as an estoppel of his right to set up any claim to it. The affirmative allegations of the answer were controverted by a reply.

At the conclusion of the evidence offered by appellant, the court directed the jury to find a verdict for the appellees, which it did, and a judgment was rendered dismissing the petition.

The appellant complains that the action of the court in directing the jury to find a verdict against him was error, and appeals to this court.

This is an action in ejectment, and upon the pleadings the burden of proof rests upon the appellant. His allegation, that he was the owner of the land, being traversed, it was necessary for him to show by evidence the truth of his averment, as he was not entitled to and

could not recover, except by proving that he was the owner of the title to the land. Without undertaking to recite the evidence offered by him in support of his claim, suffice it to say, that he did not offer any patent, survey, deed, bond, contract, will, nor any written evidence of title, whatsoever; neither did he claim nor prove that either he or any one under whom he claims the land had ever been in the possession, either actual or otherwise. Not having offered any evidence, either written or parol, which tended to prove that he was the owner of the title to the land, the court properly directed the jury to find a verdict for the appellees.

The judgment is therefore affirmed.